

ORDERED in the Southern District of Florida on February 3, 2025.

**Mindy A. Mora, Judge**
**United States Bankruptcy Court**
_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 23-18017-BKC-MAM |
| Lizbeth Luciano Estrada,<br>    Debtor(s).<br>_____/ | Chapter 13 |
| Viviana Alvarez Durflinger,<br>    Plaintiff(s),<br>v. | Adv. Proc. No.: 23-01289-MAM |
| Lizbeth Luciano Estrada,<br>    Defendant(s).<br>_____/ | |

**ORDER (I) DENYING MOTION FOR SUMMARY JUDGMENT AND**
**(II) RESCHEDULING PRETRIAL CONFERENCE**

This order addresses the motion for summary judgment (ECF Nos. 10 & 11)

(the "Motion")[1] filed by Viviana Alvarez Durflinger, the Response (ECF Nos. 16 & 17) filed by Lizbeth Luciano Estrada, Durflinger's Reply (ECF No. 18), and a joint stipulation of undisputed facts (ECF No. 19) (the "Joint Stipulation") submitted by both parties. The Court denies summary judgment because the record lacks factual support.

## BACKGROUND FACTS AND COMPLAINT ALLEGATIONS

The Complaint (ECF No. 1) alleges that Durflinger and a non-party, Deepath Nath,[2] engaged Estrada in August 2018 to work in an administrative capacity for a clinic now solely owned by Durflinger. During the time of Estrada's employment, Estrada formed an entity, Hexagon Practice Management, LLC ("Hexagon"). Sometime in June 2019, Durflinger and Nath purchased membership interests in Hexagon. Approximately two years later (March 2021), Durflinger and Nath sued Hexagon—the same entity in which they had purchased business interests—and Estrada in state court.

In the state court action, Durflinger and Nath alleged seven causes of action against Estrada and Hexagon, consisting of breach of fiduciary duty, conversion, fraud in the inducement, fraudulent concealment, negligent misrepresentation,

---

[1] ECF No. 10, titled *Plaintiff Viviana Alvarez Durflinger's Motion for Summary Judgment*, is a one-page document. ECF No. 11, titled *Memorandum in Support of Plaintiff Vivian Alvarez Durflinger's Motion for Summary Judgment*, contains legal argument and factual detail. The Court will treat both filings as one motion for summary judgment.

[2] The Court notes that the parties' filings are inconsistent in naming the nonparty. The Complaint references a "Debdeep Nath," while the Joint Stipulation uses "Deepath." Because both parties agreed on the content of the Joint Stipulation, the Court will use the name "Deepath."

declaratory judgment, and common law indemnity. After entering an order of default against Estrada, the state court later entered final judgment in favor of Durflinger and Nath. ECF No. 1, pdf pp. 17–19) (the "<u>Final Judgment</u>"). Paragraph 12 of the Final Judgment states that Estrada's mismanagement and misrepresentations to Durflinger and Nath caused Hexagon's current and future liabilities. The Final Judgment provides no detail regarding the exact nature or materiality of Estrada's misrepresentations.

## I. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b). This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (I).

## II. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, the Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "When deciding summary judgment, the Court may look to materials in the record such as depositions, documents, affidavits or declarations, and admissions." *Certain Interested Underwriters at Lloyd's, London v. AXA Equitable Life Ins. Co.*, 981 F. Supp. 2d 1302, 1305–06 (S.D. Fla. 2013) (citing Fed. R. Civ. P. 56(c)).

The Court "must view all the evidence and all factual inferences reasonably

drawn from the evidence in the light most favorable to the nonmoving party." *Diaz v. Amerijet Int'l, Inc.*, 872 F. Supp. 2d 1365, 1368 (S.D. Fla. 2012) (quoting *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997)) (internal quotation marks omitted); *see also Morton v. Kirkwood*, 707 F.3d 1276, 1280 (11th Cir. 2013). Finally, the moving party "always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314–15 (11th Cir. 2011).

### III. Nondischargeability

Bankruptcy Code § 523(a) governs nondischargeability of claims against a debtor. *Harris v. Jayo (In re Harris)*, 3 F.4th 1339, 1344–45 (11th Cir. 2021). The evidentiary standard for § 523(a) is preponderance of the evidence. *Id.* at 1345. Although collateral estoppel may bar relitigation of other issues already decided by a state court, the question of dischargeability is reserved to the bankruptcy court. *Id.* at 1343. Federal courts construe exceptions to discharge liberally in favor of a debtor and strictly against a creditor in service of the public policy goal of providing a fresh start to honest but unfortunate debtors. *Id.* at 1345. The evidentiary standard for a nondischargeability finding is preponderance of the evidence. *Grogan v. Garner,* 498

4

U.S. 279, 287 (1991).

    A. <u>Bankruptcy Code § 523(a)(2)(A)</u>

While the concept of a fresh start by filing bankruptcy "sounds like complete relief, there is a catch—not all debts are dischargeable." *Bartenwerfer v. Buckley*, 598 U.S. 69, 73 (2023). 11 U.S.C. § 523(a)(2)(A) provides one of several exceptions to the general rule of dischargeability. *Id.* The elements of § 523(a)(2)(A) are fact intensive, as is typical for fraud claims. Section 523(a)(2)(A) prohibits discharge of a debt "obtained by . . . false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). The "obtained by" element is critical. *PRN Real Estate & Invs., Ltd. v. Cole*, 85 F.4th 1324, 1346 (2023).

False pretenses under § 523(a)(2)(A) may encompass implied misrepresentations or conduct intended to create and foster a false impression. *Ershowsky v. Freedman (In re Freedman)*, 431 B.R. 245, 256 (Bankr. S.D. Fla. 2010) (internal citation omitted). Creditors must show proof of justifiable reliance upon the misrepresentations or conduct. *City Bank & Trust Co. v. Vann (In re Vann)*, 67 F.3d 277, 283–84 (11th Cir. 1995).

Actual fraud and false representation require proof of the common law elements of fraud. *SEC v. Bilzerian (In re Bilzerian)*, 153 F.3d 1278, 1281 (11th Cir. 1998); *Husky Int'l Electronics, Inc. v. Ritz*, 578 U.S. 355, 360 (2016) (fraudulent acts may result in multiple bases for liability under Bankruptcy Code). *Cf. SE Prop. Holdings v. Gaddy (In re Gaddy)*, 977 F.3d 1051, 1057–58 (11th Cir. 2020) (describing

5

application of *Husky*). In the context of § 523(a)(2)(A), those elements include: "(1) the debtor made a false representation to deceive the creditor, (2) the creditor relied on the misrepresentation, (3) the reliance was justified, and (4) the creditor sustained a loss as a result of the misrepresentation." *Bilzerian*, 153 F.3d at 1281.

 B. <u>Bankruptcy Code § 523(a)(4)</u>

Debts incurred as a result of "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" are nondischargeable in bankruptcy. 11 U.S.C. § 523(a)(4). A preponderance of the evidence must show that both a fiduciary relationship and a defalcation exist. *Grogan v. Garner,* 498 U.S. at 287; *Guerra v. Fernandez-Rocha (In re Fernandez-Rocha)*, 451 F.3d 813, 817 (11th Cir. 2006).

Federal common law determines whether a fiduciary relationship exists under 11 U.S.C. § 523(a)(4). *Bach v. Cabot (In re Cabot)*, 644 B.R. 232, 238 (Bankr. S.D. Fla. 2022). Federal courts have narrowed the scope of "fiduciary relationships" to include only those situations involving express or technical trusts. *Id.*. "An express or technical trust exists when there is a segregated trust *res,* an identifiable beneficiary, and affirmative trust duties established by contract or by statute." *Id*.

Bankruptcy Code § 523(a)(4) also governs debts incurred as a result of embezzlement or larceny. Both embezzlement and larceny are common law, not statutory, claims. *Fernandez v. Havana Gardens, LLC*, 562 F. App'x 854, 856 (11th Cir. 2014). Embezzlement is "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come."

*Id.* (internal citations omitted). The definition of larceny is nearly identical, but adds the requirement that a potential bad actor wrongfully acquired the property in question. *Ideal Dev. Concepts, LLC v. Gross (In re Gross)*, 639 B.R. 255, 260 (Bankr. N.D. Ga. 2022).

### IV.   Analysis

Durflinger alleges nondischargeability under Bankruptcy Code § 523(a)(2)(A) and (a)(4). The claim-specific allegations of Durflinger's Complaint lack factual detail. The balance of the Complaint allegations are similarly cursory, referencing entry of the Final Judgment as the primary basis for this Court's potential determination of nondischargeability.

The Final Judgment and Joint Stipulation fail to provide adequate factual support for summary judgment. To support a determination in favor of Durflinger under § 523(a)(2)(A), the Final Judgment and Joint Stipulation needed to have included specific facts supporting all four of the following criteria: (1) Estrada used false pretenses, made a false representation, or committed actual fraud; (2) Durflinger relied on Estrada's conduct; (3) Durflinger's reliance was justified; and (4) Estrada's conduct caused Durflinger's loss. *Harris*, 3 F.4th at 1344.

Although paragraph 12 of the Final Judgment states that Estrada mismanaged Hexagon and made misrepresentations to Durflinger and Nath, it contains no factual findings regarding materiality of the alleged misrepresentations, nor does it provide factual detail supporting justification of Durflinger's reliance upon

7

those misrepresentations.[3] Similarly, the Joint Stipulation provides a bland recap of the state court litigation, with no agreement between the parties as to key facts necessary to support a conclusion of actual fraud, false pretenses, materiality of misrepresentations, or justifiable reliance. The parties failed to agree that Estrada possessed intent to defraud, and the Court declines to infer such intent from the Final Judgment or the Joint Stipulation. *See Harris*, 3 F.4th at 1351 (declining to give general default judgment collateral estoppel effect). Accordingly, the Court is unable to grant summary judgment in favor of Durflinger pursuant to Bankruptcy Code § 523(a)(2)(A).

As to § 523(a)(4), the Complaint does not allege larceny or embezzlement, confining its allegations solely to "fraud or defalcation" as a basis for liability. ECF No. 1 at ¶ 10. This omission means that Durflinger has waived the ability to pursue claims for embezzlement or larceny, and elected to proceed only as to fraud or defalcation in a fiduciary capacity.

For this Court to conclude that fraud or defalcation occurred under § 523(a)(4), the Court must first determine that an express or statutory trust existed between the parties. The Complaint fails to explicitly set forth that allegation and the Joint Stipulation does not provide sufficient factual support for the Court to arrive at the necessary conclusion.

---

[3] Because Nath is not a party to this action, the Court analyzes the Final Judgment only as to Durflinger.

The Joint Stipulation refers to the existence of a Membership Agreement that potentially contains language identifying a segregated trust *res,* an identifiable beneficiary, and affirmative trust duties for Estrada. But, the Joint Stipulation does not include a statement indicating that the Membership Agreement created an express trust, nor does it direct the Court to any portion of the Membership Agreement supporting that conclusion.[4]  As a result, the Court is unable to grant summary judgment in favor of Durflinger pursuant to Bankruptcy Code § 523(a)(4).

Having reviewed the full record of this Adversary Proceeding and the underlying bankruptcy case, the Court **ORDERS** that:

1.The Motion is **DENIED**. Durflinger has failed to meet the burden of proof required for a finding of nondischargeability through the existing record. The parties will proceed to trial.

2.The pretrial conference for this Adversary Proceeding shall be **RESCHEDULED** to **April 2, 2025 at 10:00 a.m.** via Zoom videoconference. To participate in the hearing,[5] parties must register using the following link:

  https://www.zoomgov.com/meeting/register/vJItdumqrzstGdoBW4nz6tq3IJmn8ydPxj4.

3.During the pretrial conference, all participants must conduct themselves in a manner consistent with the dignity of the Court by observing court

---

[4] Durflinger has not provided the Court with a copy of the Membership Agreement as part of this adversary proceeding. The Court also observes that the state court complaint failed to include a copy of the Membership Agreement as a basis for liability on the claims asserted in that court.

[5] To resolve registration issues, parties must contact Maria Romaguera, Courtroom Deputy, at 561-514-4109 or Maria_Romaguera@flsb.uscourts.gov.

formalities, exercising civility, and dressing appropriately. <u>All participants and counsel must turn on their video while their matter is being heard</u>.

4. All discovery deadlines relating to the *Order Setting Filing and Disclosure Requirements for Pretrial and Trial* shall be calculated from the date of the rescheduled pretrial conference. **<u>The Court will not grant requests for extensions of time or continuances of the pretrial conference.</u>** At the pretrial conference, the Court will set the date for the trial. **<u>No continuances of the trial date will be granted.</u>**

**###**

Copies furnished to:

Nicole P. Planell, Esq.

*Attorney Planell must serve this order upon all interested parties in compliance with all applicable rules.*